**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

GILDA KOHAN,

              Plaintiff,

       v.

PERSIAN GRILL CORP. d/b/a Ravagh Persian Grill
and 210 MINELOA AVENUE LLC,

              Defendants.

_____

                                        **CASE NO.:**

## COMPLAINT FOR INJUNCTIVE RELIEF

      Plaintiff, GILDA KOHAN by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations and governing legal authorities, hereby files this Complaint and sues PERSIAN GRILL CORP., a New York corporation, d/b/a Ravagh Persian Grill, and 210 MINEOLA AVENUE LLC, a New York  limited liability company, (collectively, hereinafter the "Defendants") for injunctive relief, attorneys' fees and costs, including but not limited to disbursements, court expenses and fees, pursuant to 42 U.S.C. § 12181 *et seq*. (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), and for injunctive relief and damages, pursuant to the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

## JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343. This Court

has supplemental jurisdiction over Plaintiff's state law claims that arise out of the same nucleus of facts and circumstances as the subject federal claims.

2. Venue is proper and lies in this Court pursuant to 28 U.S.C. §1391 (B) in that the transaction or occurrence giving rise to this lawsuit occurred in New York.

3. The remedies provided by NYSHRL against discrimination are not exclusive and state administrative remedies do not need to be exhausted in connection with a lawsuit commenced pursuant to the Federal Civil Rights Act.

## THE PARTIES

4. At all times material hereto, Plaintiff, GILDA KOHAN, was and is over the age of 18 years, *sui juris*, and was a resident of the County of Nassau, State of New York.

5. Mrs. Kohan has at all material times suffered from a "qualified disability" as defined pursuant to Title III under the ADA; Plaintiff suffers from a form of adult-onset muscular dystrophy known as GNE myopathy, which requires her to utilize a motorized scooter for mobility of all day-to-day activities.  Plaintiff also has a physical disability within the meaning of the NYSHRL.

6. The Defendants, PERSIAN GRILL CORP, a New York corporation, d/b/a Ravagh Persian Grill ("Ravagh"), and 210 MINEOLA AVENUE LLC, a New York limited liability company ("210 Mineola"), are authorized to conduct, and are conducting business within the State of New York.

7. Upon information and belief, Ravagh is the lessee and/or operator of the real property, and the owner of the improvements where the Subject Facility is located, which is the subject of this lawsuit, the facility commonly referred to as Ravagh Persian Grill (hereinafter the "Subject Facility") located at 210 Mineola Avenue, Roslyn Heights, NY 11577, (hereinafter

and heretofore referred to as "Subject Property"), which also maintains and controls the Subject Facility.

8. Upon information and belief, 210 Mineola is the owner, lessor and/or operator of the real property, where the Subject Facility is located which is the subject of this lawsuit, the facility commonly referred to as Ravagh Persian Grill, located at the Subject Property, and also maintains and controls the Subject Facility.

9. The Subject Facility is a place of "public accommodation" as that term is defined under the ADA; specifically, the Subject Facility is operated as a restaurant.

10. Prior to the commencement of this action, Plaintiff personally visited the Subject Property on numerous occasions with the intention of dining at the Subject Facility.  Despite this, Plaintiff was denied full access to, and full enjoyment of the facilities at Subject Property and the Subject Facility, and/or the accommodations offered to the public therein in that Plaintiff was restricted and limited by her disabilities and Subject Facility due to a series of architectural barriers that prevented Plaintiff from accessing the business.  As a result, Plaintiff suffered an injury in fact.  That, Plaintiff continues to desire to visit and return to the Subject Property and/or the Subject Facility in the future to dine, but continues to be injured in that she is unable to and continues to be discriminated against due to the architectural barriers that remain at the Subject Property and Subject Facility, all in violation of the ADA and NYSHRL.

11. Venue is proper in the Eastern District of New York because the Defendant's acts of discrimination and the Subject Facility is located in this District.

## FIRST CAUSE OF ACTION
## <u>VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT</u>

12. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

13. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

14. Congress specifically found, *inter alia*, that:[1]

   i.  Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   ii. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   iii. Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities;

   iv. Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services; and,

---

[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).

v. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

15. Congress explicitly set forth the purpose of the ADA; to wit:[2]

i. Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

ii. Provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

iii. Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

16. The congressional legislation provided commercial enterprises with a period of one and a half years from the enactment of the statute to implement the requirements imposed under the ADA.

17. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[3]

18. Pursuant to 42 U.S.C. §1281(7) and 28 C.F.R. §36.104, the Subject Facility, which is subject to this action is a public accommodation because it provides good and services to the public.

[2] 42 U.S.C. § 12101(b) (1)(2) and (4).
[3] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

5

19. Upon information and belief, the Subject Facility has begun operations, and/or has undergone substantial remodeling, repairs and/or alterations since January 26, 1992, and/or has sufficient income to make readily achievable accessibility modifications.

20. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA (the "ADAAG").[4]

21. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[5]

22. Plaintiff has been a loyal customer of the Subject Facility for several years due to it being one of her husband's favorite restaurants.

23. In the past, Plaintiff has been able to access the Subject Facility by using a wheelchair lift to enter and exit.

24. On one occasion in or around July 2020, Plaintiff dined at the Subject Facility with several companions, and was then unable to leave the restaurant due to the wheelchair lift being non-functional.

25. As a result of the wheelchair lift being non-functional, the fire department had to be called to assist Plaintiff in exiting the restaurant.

26. Publicly receiving such assistance from the fire department was a harmful and humiliating experience for Plaintiff.

27. Plaintiff uses a motorized scooter for mobility and the Subject Facility's entrance with steps and no functioning wheelchair lift prevented the Plaintiff from accessing the business and

---

[4] 28 C.F.R. Part 36.
[5] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

this excluded her from taking advantage of the goods and services being offered to the public at large, including her friends and family.  Plaintiff suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, as a result of this incident.

28. After this incident, Plaintiff called the Subject Facility approximately once per month to ask whether the wheelchair lift had been repaired or replaced, and accordingly, whether she could access the Subject Facility. On her most recent attempt to ascertain whether she would be able to access the Subject Facility, an employee of the Subject Facility hung up on her.

29. Several of Plaintiff's friends continue to dine at the Subject Facility on a regular basis. Plaintiff's exclusion from the restaurant on these occasions causes her further emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety.

30. The Subject Property and Subject Facility is legally required to be, ***but is not***, in compliance with the ADA and/or ADAAG.

31. The Subject Property and Subject Facility are in violation under the ADA, 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et. seq.* in that the Defendants are discriminating against the Plaintiff, as a result of the following specific violations, which include, but are not limited to, the following:

1. An accessible route to the establishment is not provided as required.

2. The wheelchair lift at the entrance/exit is inoperable.

3. Inaccessible entrance.

   i. An accessible means of ingress and egress is not provided as required.

   ii. The existing staircase leading to the entrance acts as a barrier to accessibility.

   iii. A ramp is not provided for clearing the step at the entrance as required.

DocuSign Envelope ID: 03DA6F13-0D1D-4954-B8F2-798F0C4217BE

> iv.   The required minimum maneuvering clearance is not provided at the entrance door.
>
> v.   A non-compliant change in floor level exists within the required maneuvering clearance at the entrance door.

32. Upon information and belief, a full inspection of the Subject Facility will reveal the existence of other barriers to access.

33. As required under the ADA, Plaintiff requires a full inspection of the Subject Facility and Subject Property to determine and have remedied all violations under the ADA.  Notice is hereby given that Plaintiff intends to amend the Complaint, if necessary, to include any and all new violations discovered during an inspection and that are not contained in the Complaint.

34. Plaintiff has attempted to access the Subject Property and Subject Facility, but has been precluded from accessing the Subject Property and Subject Facility, because of her disabilities; specifically, Plaintiff was precluded by physical barriers to access, dangerous conditions, and ADA violations existing upon the Subject Property and Subject Facility. These violations, which include but are not limited to those enumerated herein, prohibit Plaintiff from accessing the Subject Property and Subject Facility, and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

35. Remediating the ADA and/or ADAAG violations set forth herein is both technically feasible and readily achievable.

36. Plaintiff intends to visit the Subject Property and Subject Facility, again in the future (immediately upon Subject compliance with an Order of this Court requiring that Defendants remedy the subject ADA violations) in order to utilize all of the goods, services, facilities,

privileges, advantages and/or accommodations offered at the Subject Property and Subject Facility; however, in light of her disability, unless and until the Subject Property and Subject Facility, is brought into compliance with the ADA, Plaintiff will remain unable to fully, properly, and safely access the Subject Property and Subject Facility, and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

37. As a result of the foregoing, Defendants have discriminated against, and continue to discriminate against the Plaintiff, and others similarly situated, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property and/or Subject Facility. Defendants' discrimination is specifically prohibited by 42 U.S.C. § 12182, *et seq*.

38. Moreover, Defendants will continue to discriminate against Plaintiff, and others similarly situated, until they are compelled by this Court to remove all physical barriers upon the Subject Property and Subject Facility, which violate the ADA and/or ADAAG, including but not limited to those specifically set forth herein, and to make the Subject Property and Subject Facility, accessible to and usable by persons with disabilities, including Plaintiff.

39. Plaintiff is without adequate remedy at law, and is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA and/or ADAAG violations that exist upon the Subject Property and Subject Facility, including but not limited to those set forth herein.

40. This Court is vested with authority to grant injunctive relief sought by Plaintiff herein, including entry of an order requiring alteration and modification of the Subject Property and Subject Facility, so as to make them readily accessible to and useable by individuals with

disabilities, including but not limited to Plaintiff to the extent required by ADA and/or ADAAG.

41. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorneys' fees, costs, and litigation expenses, all of which are recoverable against the Defendants.[6]

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE NYSHRL**

42. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

43. Plaintiff suffers from various medical conditions that separately and together prevents the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

44. The New York State Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation...because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability … [7]

45. In 2019, the New York legislature enacted legislation that provides the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with

---

[6] 42 U.S.C. §§ 12205, 12117
[7] NYS Exec. Law § 296 (2) (a).

provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

46. The amendment of Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

47. The Subject Property and Subject Facility is a place of public accommodation as defined by the NYSHRL.

48. Plaintiff visited the Subject Property and Subject Facility and encountered architectural barriers as described herein.

49. By maintaining architectural barriers that discriminate against people with disabilities through the actions described above, Defendants have, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of her disability, the accommodations, advantages, facilities or privileges thereof provided at the Subject Property and Subject Facility.

50. Defendant discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.

51. Plaintiff has been damaged and will continue to be damaged by this discrimination in an amount to be determined at trial.  Plaintiff seeks a judgment pursuant to N.Y. Exec. Law §297, including damages pursuant to § 297(9) thereof.

## ATTORNEYS' FEES AND COSTS

52. Plaintiff has been obligated to retain the undersigned attorneys for purposes of filing and prosecuting this lawsuit.  Pursuant to the ADA and NYSHRL, Plaintiff is entitled to have her reasonable attorneys' fees, costs and expenses paid by the Defendants.

53. Plaintiff respectfully requests a judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

## DAMAGES

54. Plaintiff demands One Thousand Dollars ($1,000.00) in damages based on Defendant's violation of the NYSHRL.

## INJUNCTIVE RELIEF

55. Plaintiff will continue to experience unlawful discrimination because of Defendants' failure to comply with the ADA and the NYSHRL.

56. Pursuant to 42 U.S.C. § 12188, this Honorable Court is vested with the authority to grant injunctive relief in favor of the Plaintiff, including but not limited to the issuance of an Order to alter the Subject Property and Subject Facility so that they are made readily accessible to, and useable by, all individuals with disabilities, including Plaintiff, as required pursuant to the ADA and NYSHRL, and closing the facilities until the requisite modifications are complete.

57. Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation, their policies, business practices, operations and procedures.

58. Injunctive relief is also necessary to make the Subject Facility readily accessible and useable by Plaintiff in accordance with the ADA and NYSHRL.

DocuSign Envelope ID: 93BA6F13-0D1B-4954-B8F2-796F0C4217BE

**WHEREFORE**, Plaintiff hereby demands judgment against the Defendants, jointly and severally, and requests the following injunctive and declaratory relief:

a)  A declaration that the Subject Property and Subject Facility owned, leased, operated, controlled and/or administrated by Defendants are in violation of the ADA and the NYSHRL;

b)  An Order requiring Defendants to evaluate and neutralize their policies, practices and procedures towards individuals with disabilities, for such reasonable time to allow the Defendants to undertake and complete corrective procedures to the Subject Property and the Subject Facility;

c)  An Order requiring Defendants undertake and complete a program of corrective remodeling, reconstruction, and other such actions as may be necessary, to remediate and eliminate all ADA and ADAAG violations found at trial to be present upon the Subject Property and/or the Subject Facility;

d)  An Order requiring Defendants to alter their facilities and amenities to make them accessible to and useable by individuals with disabilities as required pursuant to Title III of the ADA, the ADAAG, and by the NYSHRL;

e)  Requiring that the Subject Facility be closed to the general public until such time as it complies with all ADA, ADAAG, and NYSHRL requirements, including but not limited to complete remediation of physical barriers to access on the Subject Property and the Subject Facility;

f)  An Order issuing a permanent injunction ordering Defendants to close the Subject Premises and Subject Facility and cease all business until Defendants

remove all violations under the ADA and the NYSHRL, including but not limited to the violations set forth herein;

g)  Find that Plaintiff is a prevailing party and award reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of the Plaintiff, and award such pursuant to the ADA and NYSHRL;

h)  An award of monetary damages in favor of Plaintiff to the maximum amount permitted by the NYSHRL, as well as, compensatory and punitive damages; and

i)  For such other and further relief that this Court deems just, necessary and proper.


Dated:  December 14, 2022                       Respectfully Submitted,

                                                **Bashian & Papantoniou P.C.**
                                                Attorneys for Plaintiff
                                                500 Old Country Road, Ste. 302
                                                Garden City, NY 11530
                                                Tel:     (516) 279-1554
                                                Fax:     (516) 213-0339

                                                ***By:*** *_/s/ Erik M. Bashian, Esq._*
                                                **ERIK M. BASHIAN, ESQ. (EB7326)**
                                                eb@bashpaplaw.com

## **VERIFICATION**

GILDA KOHAN, hereby verifies and says that I am the Plaintiff in the above-captioned case. I have reviewed the allegation and they are true and correct to the best of my knowledge, information, and belief.

Dated: <u>12/14/2022</u>

DocuSigned by:

5E1A2E7930B244D...

Gilda Kohan